**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RAMOS,<br><br>             Plaintiff,<br><br>         v.<br><br>CCDC, *et al*.,<br><br>             Defendants. | Case No. 2:19-cv-00124-RFB-VCF<br><br>**ORDER**<br><br>Defendants' Motion to Dismiss (ECF No. 34)<br><br>Stipulation to Extend Discovery Deadlines (ECF No. 57) |

**I.     INTRODUCTION**

Before the Court is Defendants Yolanda King's ("King") and Jeff Wells' ("Wells") Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 34) and a joint Stipulation to Extend Discovery Deadlines (ECF No. 57).

**II.     BACKGROUND**

On September 27, 2019, Plaintiff, who is detained at Clark County Detention Center (CCDC), filed the operative amended complaint pursuant to 42 U.S.C. § 1983. ECF No. 20. On November 8, 2019, this Court issued a screening order that dismissed CCDC with prejudice as a defendant. ECF No. 25. The screening order granted Plaintiff's claims 1 and 2 alleging Fourteenth Amendment inadequate medical care, to proceed against Defendants Naphcare, Lombaro, LVMDP, King, and Wells. Id. at 8. It also granted claim 3, alleging Fourteen Amendment denial of access of the courts, to proceed against Defendants Lusch, Lombardo, and LVMPD. Id. On December 17, 2019, Defendants filed this Motion to Dismiss. ECF No. 34. On January 1, 2020, Plaintiffs responded. ECF No. 40. On January 9, 2020, Defendants filed a reply to Plaintiff's response. ECF No. 42. On September 23, 2020, parties jointly submitted a second stipulation for extension for time regarding discovery. ECF No. 57. This Order incorporates by reference Section

III in the screening order regarding the factual background. Id. at 3-4.

### III.     LEGAL STANDARD

#### A.  Motion to Dismiss

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

#### B. Stipulation for Extension of Time

The FRCP 6(b) states:

*(1) In General.* When an act may or must be done within a
specified time, the court may, for good cause, extend the time:
    (A) with or without motion or notice if the court acts, or if a request is made
        before the original time or its extension expires; or
    (B) on motion made after the time has expired if the party failed to act because of
        excusable neglect.

Local Rule 6-1 states:

(a) A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted… A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. Immediately below the title of the motion or stipulation there also must be a statement indicating whether it is the first, second, third, etc…"

### IV.   DISCUSSION

#### A.  Motion to Dismiss

Defendants argue that Defendant King and Defendant Wells, the Clark County Manager, and the Assistant Clark County Manager respectively, should be dismissed in this action. ECF Nos. 34 and 42. Defendants assert that since Plaintiff's claims against King and Wells are based upon the alleged failure to receive medical care as a detainee at CCDC, which is operated by the Clark County Sheriff through the Las Vegas Metropolitan Police Department (LVMPD), and how King and Wells are not LVMPD employees, King and Wells have no "oversight or control over CCDC operations and are not, therefore proper parties to this action." ECF No. 34 at 2. Defendants state that while the County builds and funds jail maintenance, the Sheriff and LVMPD, have statutory responsibility under NRS 211.030 (Sheriff is custodian of jail, etc.) and NRS 211.140 (Control of prisoners, etc.) over the detainees. Id. at 4. Defendants assert that King and Wells, being part of the county and not the LVMPD, are not legally responsible for the LVMPD's acts, decisions, or operations, and therefore should be dismissed because there is no claim upon which relief can be granted. Id. at 8-9, ECF No. 42 at 3.

Plaintiff argues King and Wells should not be dismissed in this action because as individuals who work for the County and execute the policies established by the County Commissioners, it is not statutorily incompatible for them to be liable for the alleged conduct in Plaintiff's First Amended Complaint. ECF No. 40. Plaintiff cites to NRS 428.010 (Duty of county to provide aid and relief to indigents, etc.) and Chapter 211, Local Facilities for Detention, NRS 211.020 (Duties of county commissioners), to demonstrate that Clark County has statutory obligations to address the needs of the indigent and to inquire about the treatment and conditions

of detainees like Plaintiff here. Id. at 3-4. Plaintiff alleges that King and Wells are responsible for managing and funding the CCDC, and when they denied Plaintiff his right to medical care, it presents a claim upon which relief can be granted. Id. at 6.

A defendant is liable under 42 U.S.C. § 1983, the claim Plaintiff asserts in this instant case, "only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution"). "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation . . . Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotations and citations omitted).

Here, Plaintiff alleges that King and Well violated his Eighth Amendment right by acting with deliberate indifference to his serious medical needs. ECF No. 20 at 9-10.  The Court analyzes Plaintiff's claims under the Fourteenth Amendment because a pretrial detainee's right to be free from punishment is grounded in the Due Process Clause. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008).

Pretrial detainees may raise inadequate medical care claims under the Fourteenth Amendment's Due Process Clause. Gordon v. Cty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018). The Court evaluates these claims under an objective deliberate indifference standard. Id. at 1124-25. The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious

harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Id. at 1125. The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case. Id. A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id.

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution").

"A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation . . . Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotations and citations omitted).

The Court finds that Plaintiff's allegations state a cognizable claim to relief that survives this Motion to Dismiss. With the facts construed in the light most favorable to the non-moving party, Plaintiff's allegation that King, as Clark County Manager and Chief Executive Officer of Clark County, exercised authority over CCDC's financial resources, and by extension, LVMPD's provision or not of medical care to Plaintiff, presents a plausible claim at this stage of the litigation.

Moreover, Plaintiff presents a colorable inference that Wells personally participated in

approving or denying Plaintiff's medical relief. On August 7, 2017, Plaintiff's counsel requested payment from the Office of Appointed Counsel for a medically necessary eye surgery. ECF No. 40 at Exh. 1, pp. 10-11. The request included information about prior assistance given to the Plaintiff by the Mexican government, the scheduled surgery date of August 14, 2017, and how Plaintiff already lost eyesight in one eye and was losing his remaining eyesight. Id. Wells denied the request. Id. at 11.  On October 20, 2017, Plaintiff's counsel made a second request for payment of necessary medical expenses. Id. at Exhibit 2, pp. 12-14. The request noted that given the Office of Appointed Counsel's denial of payment and how Plaintiff had not received information regarding funds from the Mexican government, Plaintiff had not been treated and his medical conditions significantly worsened as a result. Id. Wells denied this request. ECF No. 20 at 6. A simultaneous request was made for Plaintiff's transport and examination fees at the medical office, and Wells approved this request. ECF No. 40 at Exhibit 2, p. 14. Based on these allegations, Wells had knowledge about Plaintiff's medical needs, and had decision making authority as to the medical services provided to Plaintiff.

The Court is unpersuaded at this time by Defendant's argument that because King and Wells have no statutory control over CCDC operations, they should not be proper parties to this action. ECF No. 34 at 2, ECF No. 42. The Court finds that Plaintiff's allegation that King and Wells had decision, funding, and policy making authority with respect to CCDC's medical services is plausible on its face, and therefore survives this motion to dismiss.

The Court emphasizes that this finding is based upon the allegations made by the Plaintiff at this stage of the litigation. At a motion for summary judgment, the Defendants may well be able to provide additional facts which would elucidate their actual participation in the routine operations of CCDC, especially regarding medical treatment.

**B. Stipulation for Extension of Time**

Parties submitted a joint stipulation for extension of time (second request) regarding discovery on September 23, 2020. ECF No. 57. On February 24, 2020, this Court granted the initial stipulated discovery plan (ECF No. 50), and the first request for extension was granted on May 18, 2020 due to COVID-19 restrictions on inmate visitations. ECF No. 53.

This stipulation to extend time was submitted within the appropriate period, informs the court of all previous extensions the Court granted, and states that the continued COVID-19 pandemic is the reason behind the necessity to extend the discovery deadlines.

The court finds that there is good cause to extend the time for discovery.

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Yolanda King's and Jeff Wells' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 34) is DENIED.

DATED: October 7, 2020

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**